Herrick *v.* Hodges.

---

## HERRICK *v.* HODGES.

| 13 | 431 |
| 108 | 358 |

WHERE one, having a claim to collect, agreed with another to take his claim against the common debtor and treat it as his own in any suit brought for the debt, costs and expenses to be shared *pro rata*, and, afterwards, prosecuted both claims to judgment in his own name, and in his own name bought the property of the defendant on execution sale and left it with an agent for sale, he is not liable to an action for money had and received, or in *indebitatus assumpsit.*

For gross negligence or bad faith he would be responsible in a different form of action.

APPEAL from the Fourth District.

The Court gave two instructions: The first as stated in the opinion, and the second as follows:

That, if Hodges bid in the property for himself, he would be liable, as just stated; but, if he bid for himself and Herrick, then he would be liable to Herrick to account to him for Herrick's proportion of any amount realized, after deducting Herrick's proportion of necessary expenses; and that Hodges, as Herrick's agent, had no right to dispose of the property so bid in without first having authority from Herrick.

Defendant excepted.

The jury found for plaintiff, nine hundred and twenty dollars. Judgment accordingly, and defendant appeals.

*Waller & Moore,* for Appellant.

*Hollady & Cary,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

Suit brought to recover a sum of money alleged to have been collected by defendant of a firm of Towers & Pierce, in Humboldt County, the defendant acting as agent for the plaintiff, and which money the defendant refused to pay.

It seems defendant had a large claim on this firm, and was about going to Humboldt, from San Francisco, to collect it. Plaintiff had a smaller claim, and the plaintiff and defendant agreed together that defendant should take plaintiff's claim and treat it as his own in any suit to be brought for the collection of the debt, the plaintiff and defendant to share costs and expenses *pro rata,* but the defendant to make no charge for his personal services. The defendant sued on his claim and plaintiff's together, and got judgment for the aggregate amount in his own name. Execution issued, and defendant bought in the entire property of defendants sold at execution sale under this joint judgment for less than the amount of the entire judgment. One Quick was appointed agent to take care of the property. It seems that the plaintiff knew and approved of these proceedings. It turned out that this property was involved in legal controversies in Humboldt County, so that it was lost to defendant and plaintiff, and that nothing was realized from these proceedings. Quick, the agent, was authorized to dispose of this property at private sale. While this property was in the hands of Quick,

defendant gave the plaintiff an order on R. H. Waller, Esq. of San Francisco, for nine hundred and twenty-five dollars, which would have been his proportion of the sum for which the property was bid in, if that property had been considered as cash to that amount. This order on Waller was in these words :

"Mr. R. H. WALLER :—You will please pay to A. P. Herrick, or order, nine hundred and twenty-five dollars, or any part thereof, as soon as it may be remitted to you by John Quick, to my credit, but with instructions from him that it is to apply on a claim that the said Herrick assigned over to me against Towers & Pierce. This is the only paper by which to show that he has a claim to the above moneys.

    (Signed)               WILLARD HODGES."

The Court charged the jury that, under the evidence adduced, Hodges' purchase would raise a *prima facie* case that the five thousand four hundred and ninety dollars bid by Hodges for the property was its value, and that he would be liable to Herrick for his proportion of that amount.

1. We think the Court erred in giving this charge. According to our understanding of the matter, Hodges was the agent of Herrick, with full power from Herrick to do with this matter as if it were his own. It was a sort of gratuitous agency he undertook; but it created an obligation to act in good faith, and without gross negligence. But the agency extended as well to the purchase of the property at public sale as it did to the prosecuting of the case to judgment. The bidding in of the property was a mere means of securing the debt, it created no obligations of paying to Herrick his proportion. Hodges did not hold as owner, but as Trustee so far as Herrick's claim is concerned. Even if Hodges had no original authority to bid, the subsequent acquiescence of Herrick was equivalent to that authority.

2. The second instruction is wrong, too. We think that the tendency of the facts was, to show that Hodges had power to dispose of the property without consulting Herrick: 1st. The large measure of powers first given. 2d. The recognition shown of Quick's agency. 3d. The order set out, which evidently contemplates that Quick should sell, and that it was expected he should remit the proceeds to Waller.

3. It seems to us that the plaintiff has not taken his proper remedy, if he has any, if we rightly apprehend the true tendency of the proofs.

If defendant had undertaken this agency, he would be bound, though it were gratuitously undertaken, to good faith and ordinary diligence in executing what he pretended to do; but he could not be sued for money received if he never received any, though he failed to get it because of his gross negligence or even bad faith. If, in other words, he neither directly or indirectly received money on account of this agency, though he might be responsible, in a different form of action, for his negligence, he would not be held responsible for money had and received, or in the form of *indebitatus assumpsit*.

But the errors indicated are sufficient for the reversal of the judgment, which is ordered, and the cause remanded for a new trial.