[No. 11854.   Department Two. — August 22, 1887.]

## J. M. HOGAN, ASSIGNEE, ETC., OF EMMA F. COWELL ET AL., INSOLVENTS, APPELLANT, *v.* JOSHUA COWELL, RESPONDENT.

SALE — IMMEDIATE DELIVERY — CHANGE OF POSSESSION. — The action was brought by the assignee of two insolvent partners to recover the possession of certain horses which had been previously sold by them to the defendant. The sale was attacked on the sole ground that it was not accompanied by an immediate delivery, and an actual and continued change of possession. The evidence showed that for three months prior to and at the time of the sale the horses were being pastured on a ranch belonging to the defendant; that from the time of the sale, the defendant, who had shortly before married one of the vendors, had full possession and control of the horses, and within five days thereafter moved them to another ranch belonging to him, about fifteen miles distant; that the consideration of the sale was a pre-existing indebtedness equal to the full value of the horses. *Held,* that the sale was valid, and was accompanied by such an immediate delivery and actual and continued change of possession as the nature of the case permitted.

ID. — EVIDENCE OF WANT OF ACTUAL FRAUD. — In such an action, evidence introduced by the defendant tending to show that the sale was free from actual fraud or intent to defraud is without prejudice to the plaintiff, if the latter admits on the trial that there was no actual fraud.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. C. Campbell,* for Appellant.

*J. A. Louttit, S. D. Woods,* and *A. L. Levinsky,* for Respondent.

McFARLAND, J. — W. W. Cowell and Emma F. Sanders were carrying on business as co-partners in the city of Stockton, and on August 1, 1884, came into ownership and possession of forty head of wild, unbroken horses. Immediately thereafter the said horses were driven to a ranch owned by the defendant, Joshua Cow-

ell, on the west side of the San Joaquin River, for pastur-
age, where they remained until November following.
Defendant was authorized to sell any of such horses as
he might find sale for, and a few head were so sold, after
consultation with their owners.   On or about the 1st of
November, 1884, the said W. W. Cowell, and Emma F.
Sanders who in the mean time had intermarried with
the defendant, Joshua Cowell, sold all of said horses re-
maining unsold to said defendant, for the consideration
of certain amounts due for pasturage, and fifteen hun-
dred dollars, and interest, due from them to the defend-
ant for money formerly borrowed and used in their
business.   At the time of this sale, the horses were on
·defendant's said ranch.   Within five days thereafter he
removed them from said west-side ranch to another
ranch owned by him, called the home ranch, about
fifteen miles distant.   From the time of the sale defend-
ant had full possession and control of the horses.   At
the time of said sale, said W. W. Cowell and Emma F.
Sanders were indebted to two mercantile firms of San
Francisco, who, in addition to defendant, were their
main creditors; and before said sale was· made to de-
fendant, they offered to give said horses to said two
firms in payment or part payment of their debts, but
said offer was by said firms refused.   The sale to defend-
ant was made in good faith, and for a full consideration.
Afterwards said W. W. Cowell and Sanders (then defend-
ant's wife) filed their petition in insolvency, and plain-
tiff, having been appointed assignee, instituted this
action to recover said horses.   The sole ground of the
action was the formal one, that there was not an im-
mediate delivery, and an actual and continued change
of possession of the horses, within the meaning of sec-
tion 3440 of the Civil Code.

The court below found that there was such delivery
and possession, and we are satisfied with the finding.
It seems to us that the delivery and possession were as

complete as the nature of the case permitted. It can hardly be contended that the respondent should have driven the horses away from both his ranchos. That would be almost the equivalent of saying that he should have put himself out of the actual possession in order to have kept himself within the legal possession. We do not see that the intermarriage of the respondent with one of his vendors materially alters the case, there being no charge of actual fraud.

Appellant assigns as error the admission of testimony showing that respondent's vendors offered the horses to certain creditors other than the respondent, and the refusal of such creditors to take them.

That testimony, however, tended to show only that in the sale to respondent there was no actual fraud or intent to defraud; and as appellant admitted expressly at the trial that there was no actual fraud, and that he relied solely on the constructive fraud which arose from deficient delivery and possession, we do not see how he could have been injured by such testimony.

Judgment and order denying motion for new trial affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.