[No. 19207.    Department Two.—February 6, 1894.]

MARY H. BANNING, APPELLANT, *v.* W. F. MAR-LEAU, RESPONDENT.

CLAIM AND DELIVERY—PLEADING—ANSWER—IMPROPER JUDGMENT FOR RETURN.—In an action to recover personal property, or its value, where there is no prayer, claim, or demand of any kind in the answer for a return of the property or its value, a judgment for its return to the defendant, or its value in case a return cannot be had, is not permissible, and cannot stand.

ID.—FINDINGS—CERTAINTY.—Where the findings are not sufficiently certain to show whether an action for claim and delivery was decided upon the theory that plaintiff was not the owner of the property in any sense, or upon the theory that a sale of the property to the plaintiff was void as against creditors for want of delivery and an immediate and continued change of possession, a new trial should be granted.

ID.—SALE VOID AS TO CREDITORS—SUFFICIENCY OF FINDINGS.—If a sale to the plaintiff was not followed by such possession as would make it valid as against creditors of the plaintiff's grantor, the court should find that the parties attaching the property were such creditors; and it is not sufficient merely to find that the property was seized under certain writs of attachment.

ID.—SALE OF STOCK ON RANCH—DELIVERY AND CHANGE OF POSSESSION—OWNERSHIP OF LAND.—Where the property in dispute consisted mostly of livestock on a ranch owned at one time by the plaintiff and her grantor jointly, but owned exclusively by plaintiff for some years prior to the attachment, under a written transfer thereof to the plaintiff, and it appears that the grantor of the plaintiff acted for plaintiff at various times as a general superintendent of the ranch, and at the time of the attachment had a cropping contract which included part of the land, and plaintiff had other stock on the ranch belonging to her alone, in determining whether there was a sufficient delivery and change of

possession of the property attached, due importance should be given to the fact that plaintiff was the owner and in possession of the land on which the stock was always grazed, and on which some of it was bred and raised.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*W. S. Wright,* for Appellant.

*J. R. Dupuy, R. Dunnigan,* and *Dupuy & Dunnigan,* for Respondent.

McFARLAND, J.—This is an action to recover certain personal property, or its value. Judgment went for defendant, and plaintiff appeals from the judgment upon the judgment-roll and a bill of exceptions.

The court found that "the plaintiff is now in possession of said above-described property"; and the entire judgment is that "the defendant, W. H. Marleau, do have and recover of and from Mary H. Banning, the plaintiff herein, the following personal property, viz: (describing it) and that said property be returned by plaintiff to defendant, or the value thereof, being the sum of six hundred dollars, in case a return cannot be had, be paid by plaintiff to defendant, together with costs and disbursements"; but there is no prayer, claim, or demand of any kind in the answer for a return of the property or its value; and, this being so, the judgment for its return cannot stand. (Code Civ. Proc., secs. 627, 667; *Gould* v. *Scannell,* 13 Cal. 431; *Pico* v. *Pico,* 56 Cal. 459.) It cannot be reasonably expected that for the purposes of this case we should ignore the statute and overrule former decisions. We might, no doubt, remand the cause, with directions to change the judgment into one which would simply give costs to defendant; but as we are not entirely satisfied with the case in other respects, we think that the ends of justice require a new trial.

Plaintiff claims ownership of the property sued for—consisting mostly of certain livestock on a ranch—and defendant, a constable, took it as the property of one Hannon, under two writs of attachments issued by a justice of the peace. The findings on the main issues are merely " that on the 30th of November, 1891, in Los Angeles county, California, the plaintiff was not, nor has she at any time since said date been, the owner of *and* entitled to the possession of the property described in the complaint. That the defendant herein, on said date, in Los Angeles county, did not wrongfully come *into* possession of said property," and does not wrongfully detain the same; and " that on the thirtieth day of November, 1891, Joseph Hannon was the owner and in possession of the property above described, and on said date, the defendant, a constable in said county, seized said property by virtue of two writs of attachments against said Hannon, one in favor of W. H. Harbell, the other in favor of P. J. Hardy, aggregating the sum of five hundred and seventy-nine dollars, which writs were duly issued by W. A. Gaines, a justice of the peace of said county." These findings are not specific enough to show upon what theory the case was decided—that is, whether it was upon the theory that plaintiff was not the owner of the property in any sense, or upon the theory that a sale of said property by Hannon to plaintiff was void as against creditors, for want of delivery and an immediate and continued change of possession under section 3440 of the Civil Code. If the findings mean that as between plaintiff and Hannon, the latter was and the former was not the owner of the property at the time of the attachment, then they are not supported by the evidence; for it clearly appears that Hannon before that time had sold whatever interest he had in the property to plaintiff, and had given her a written transfer of the same which passed the title. (Civ. Code, secs. 1053–57.) If, on the other hand, it was meant that the sale was not followed by such possession as would make it valid as against creditors of Hannon,

then it should have been found that the parties attaching were such creditors; and it was not sufficient to merely find that the property was seized under certain writs of attachment. (*Sexey* v. *Adkinson*, 34 Cal. 346.) On another trial the findings on these points can be made fuller and clearer.

The main question in the case seems to be whether there was a sufficient change of possession of the property from Hannon to plaintiff. The property consisted mostly of livestock on a ranch owned at one time by plaintiff and Hannon jointly, but owned exclusively by plaintiff for some years prior to the attachments. As to some of this property there is a conflict of evidence as to whether Hannon ever owned any interest in it; and as to the balance there is a conflict as to whether he ever owned anything more than an undivided interest therein. Whatever interest he had in any or all of it, he had sold and transferred to plaintiff by a written instrument long before the attachment. He had acted for plaintiff at various times as a sort of general superintendent of the ranch; and at the time of the attachment had a cropping contract which included part of the land. Plaintiff had other stock on the ranch belonging to her alone. In determining, therefore, whether there was a sufficient delivery and change of possession from Hannon to plaintiff of whatever interest he had in the property attached, due importance should be given to the fact that plaintiff was the owner and in possession— if such was the fact—of the land on which the stock always grazed and on which some of it was bred and raised. (*Morgan* v. *Miller*, 62 Cal. 492; *Hogan* v. *Cowell*, 73 Cal. 211.)

Defendant should be allowed to amend his answer so as to ask therein for a return of the property.

The judgment is reversed, and cause remanded for a new trial.

DE HAVEN, J., and FITZGERALD, J., concurred.