## STEDMAN v. BANK OF MONROE.

(Circuit Court of Appeals, Eighth Circuit. July 28, 1902.)

### No. 1,708.

1. BANKRUPTCY—UNLAWFUL PREFERENCE—EVIDENCE.

The bankruptcy act (section 67d) provides that liens given or accepted in good faith, and not in contemplation of or in fraud on the act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by the act. Prior to bankruptcy a bankrupt had given a mortgage for $3,500 to secure $3,000 loaned to him at the time of the mortgage, and $500 borrowed by him more than four months before bankruptcy. It appeared from the evidence that the indebtedness of the bankrupt of which the bank had knowledge was small compared with what it understood to be the value of his assets, that it believed that $2,800 of the indebtedness was to be paid from such loan, and it did not appear that he believed himself insolvent. *Held*, that as to the $3,000 the mortgage was valid.

2. SAME.

The taking of the security where six-sevenths of the debt secured was a then present loan did not raise any presumption that the creditor had any belief that the debtor was insolvent.

¶ 2. See Bankruptcy, vol. 6, Cent. Dig. § 255.

Appeal from the District Court of the United States for the Southern District of Iowa.

Bankruptcy proceedings against William T. Sinnard, a retail clothing merchant of Monroe, Jasper county, Iowa, were instituted by the filing of creditors' petition June 4, 1900. ·On June 29, 1900, after adjudication, the matter was referred to S. S. Ethridge, referee in bankruptcy, at Des Moines. On July 21, 1900, the Bank of Monroe filed with said referee its proof of secured debt, under oath, stating: "That W. T. Sinnard, the person against whom a petition for adjudication of bankruptcy has been filed, was at and before the filing of said petition, and still is, justly and truly indebted to said Bank of Monroe in the sum of $3,500, with interest at 6 per cent. per annum from April 2, 1900. That the consideration of said debt is as follows: Money loaned by said bank to said Sinnard at the following dates: $500 about January 1, 1900, and $3,000 April 2, 1900. That no part of said debt has been paid. That there are no set-offs or counterclaims to the same, and that the only securities held by the deponent for said debts are the following: A chattel mortgage upon his stock of merchandise then in Monroe, Jasper county, Iowa, dated April 2, 1900, and recorded April 3, 1900, in Book 228, page 134, record of said county, and the said mortgage is hereto attached. To evidence the above debt said bank holds two notes, the first a renewal of the loan made about January 1, for $500; the second for $3,000, given for money loaned to said Sinnard at the time the said note and mortgage were given. Said notes are hereto attached. Said Bank of Monroe hereby waives and surrenders its security upon said $500 note, being the amount of the past indebtedness at the time the mortgage was executed, but insists upon and claims a first lien upon the stock of merchandise and its proceeds, for the security and payment of said note of $3,000, dated April 2, 1900." Other creditors of said bankrupt, on July 23, 1900, filed with said referee objections to the allowance of this claim of the Bank of Monroe as a secured claim, alleging that at the time of the giving of said chattel mortgage Sinnard was indebted to said bank on another note for the sum of $1,500, for which the bank held as collateral a note belonging to said Sinnard, which was secured by a real estate mortgage, which note and mortgage were converted by said bank into money, and the $1,500 note thus extinguished; that at said times, and prior thereto, said Sinnard was insolvent; and that the bank had reasonable cause to believe that said chattel mortgage was intended to give said bank a preference over any other creditor. Said bank thereafter, on September 28, 1900, filed anew the proof of its secured claim, withdrawing its waiver of security as to the $500 note. After hearing the testimony adduced, the referee,. March 23, 1901, made his findings and decision as follows: "I find that on the 2d day of April, 1900, William T. Sinnard, the bankrupt herein, was a retail clothing merchant doing business at Monroe, Jasper county, Iowa. That on that date he gave to the Bank of Monroe a chattel mortgage on his entire stock of merchandise for the sum of $3,500, to secure the payment of $500·of pre-existing unsecured indebtedness and $3,000 loaned to him by the bank at the time the mortgage was given. That he was at the time insolvent. That he had a stock of clothing and fixtures which cost about $8,800. That a large portion of said stock was old, and that he had no other property. That he was at that time indebted in the sum of $8,300, and was contingently liable as surety in the additional sum of $1,750. That he told the bank he wanted the $3,000 to pay his spring bills and secure the discount allowed by his mercantile creditors for early payments. That at the time he borrowed the $3,000 he owed the bank, in addition to the .$500 before mentioned, $1,500, evidenced by a note signed by Sinnard and his wife, Ulda Igo Sinnard, secured by a note.for $1,600, belonging to the wife and secured by a mortgage on real estate. That on the 19th day of April, A. D. 1900, Sinnard made an assignment under the state law to one F. S; Burberry; and on the same day delivered the ·stock of merchandise and fixtures to said assignee. That on or about· the 4th day of May, 1900, said assignee sold the entire stock of merchandise and .fixtures,. upon .competitive bids, to the. highest bidder for the sum of $5,150. That the petition in bankruptcy was filed June 4, 1900, by certain ,creditors of the bankrupt., I ;con-

clude that as to the $500 of pre-existing indebtedness the mortgage was a preference, and therefore invalid. That as to the $3,000 loaned at the time the mortgage was given the mortgage is valid. It is therefore ordered that the trustee pay out of the funds in his hands to the Bank of Monroe the sum of $3,000, with interest at six per cent. per annum from April 2, 1900. That the claim of said bank for $500 be allowed as an unsecured claim, to participate in the distribution of the funds applicable to the payment of such claims."

The matter was brought before the district judge by petition for review, and pursuant to his order the referee made further findings to the effect that when said chattel mortgage was given the bank had knowledge of indebtedness of Sinnard for merchandise, $2,800; to the Bank of Monroe, unsecured, $500; to the same bank, $1,500, secured by collateral note belonging to Sinnard's wife; and to the State Savings Bank of Monroe an amount unknown, but which Sinnard said was small; that the Bank of Monroe knew that Sinnard had a stock of clothing that cost $8,800, and loaned him the $3,000 for the purpose of paying the $2,800 owed for merchandise; and that the bank at the time the chattel mortgage was given did not know, nor have reasonable cause to believe, that Sinnard was insolvent, unless the proposal to give and the giving of that mortgage charged it with knowledge of his insolvency. Upon the hearing before the district judge the order of the referee sustaining the validity of the chattel mortgage and establishing it as a lien upon the fund in the hands of the trustee in the amount of $3,000 was affirmed.

George Wambach, for appellant.

Carroll Wright, James P. Hewitt, and Craig T. Wright, for appellee.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

The bankrupt act (section 67d) provides:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this act."

Aside from other provisions of the bankrupt act, this recorded chattel mortgage would have been a valid security for the prior as well as of the then present loan, according to its terms and purport. It was not illegal, and its continued security of the prior loan merely failed because the bankruptcy of the mortgagor intervened within four months of the giving of the mortgage, and the security, under the terms of the act, became as to the prior loan a preference. But no such result followed in respect to the $3,000 actually loaned when the mortgage was given. As to that sum the security of the mortgage was valid under the terms of section 67d, unless it was given in contemplation of bankruptcy or in fraud of the act. A careful examination of all the testimony in the case has led us to the conclusion that on the 2d day of April, 1900, when the Bank of Monroe loaned Sinnard $3,000 and took this chattel mortgage, it did not believe, and had no reasonable cause to believe, that Sinnard was insolvent, or that it was intended thereby to give a preference. The evidence shows that the indebtedness of Sinnard, of which the bank had any knowledge or information, was small compared with what the bank understood

to be the value of his assets, and that the bank then understood that $2,800 of such indebtedness was to be paid from the loan then made to Sinnard. The mere fact of taking the security where six-sevenths of the debt secured was a then present loan does not raise any presumption that the creditor had any belief that the debtor was insolvent. It is even very doubtful whether the debtor, Sinnard, then believed himself to be insolvent, and it is reasonably certain that the mortgage was not made even on his part in contemplation of bankruptcy, as the fact that he did actually apply the money then borrowed from the bank to the discount and payment of his merchandise bills shows that he expected his business to continue.

The chattel mortgage was a valid security for the $3,000 loaned when it was given, and the order and decree appealed from are affirmed.