### SHARPE v. ALLENDER.

(Circuit Court of Appeals, Third Circuit. June 3, 1909.)

#### No. 18.

BANKRUPTCY (§ 166*)—VOIDABLE PREFERENCE—REASONABLE CAUSE FOR CREDITOR TO BELIEVE INSOLVENCY OR INTENT OF DEBTOR.

The fact alone that a creditor knows his debtor to be financially embarrassed and is pressing for payment of his claim is not sufficient to charge him with having reasonable cause to believe his debtor to be insolvent and that a transfer of property to him as security is intended as a preference, so as to render such transfer voidable on the bankruptcy of the debtor, under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 256; Dec. Dig. § 166.*]

Appeal from the District Court of the United States for the Middle District of Pennsylvania.

See, also, 164 Fed. 448.

I. C. Elder and J. A. Strite, for appellant.
Ruthrauff & Nicklas and O. C. Bowers, for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

BUFFINGTON, Circuit Judge. In the court below, the estate of the Wolf Company being in course of administration in bankruptcy, John S. Allender presented a petition, alleging he was the owner by assignment by that company of an account it formerly had against the Pacific Export Lumber Company; that the trustee of the Wolf Company had notified the lumber company said account was still owned by the bankrupt company and not to pay the same to Allender. Thereupon it was agreed the claim be paid to the trustee pending an adjudication of ownership. On reference of that question, the referee held the assignment to Allender by the Wolf Company was an illegal preference, and awarded the fund to its trustee. The court sustained objections to this report and awarded the fund

to Allender; its opinion being reported in 164 Fed. 448. Thereupon the receiver appealed.

After argument and due consideration, we find no error in the court's conclusion. The questions of fact have had the painstaking examination characteristic of the judge of the court below, and a discussion of them would be a needless repetition. We content ourselves with saying the proofs do not satisfy us that Allender had reasonable cause to believe the Wolf Company intended by the assignment to give him a preference. And in that connection we refer to Grant v. National Bank, 97 U. S. 80, 24 L. Ed. 971, where Mr. Justice Bradley, speaking of the provision, "having reasonable cause to believe such person is insolvent," in Act March 2, 1867, c. 176, 14 Stat. 517, said:

"It is not enough that a creditor has some cause to suspect the insolvency of his debtor; but he must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency, in order to invalidate a security taken for his debt. * * * A man may have many grounds of suspicion that his debtor is in failing circumstances, and yet have no cause for a well-grounded belief of the fact. He may be unwilling to trust him further. He may feel anxious about his claim, and have a strong desire to secure it; and yet such belief as the act requires may be wanting. Obtaining additional security, or receiving payment of a debt, under such circumstances, is not prohibited by law. * * * Hence the act, very wisely, as we think, instead of making a payment or a security void for a mere suspicion of the debtor's insolvency, requires, for that purpose, that his creditor should have some reasonable cause to believe him insolvent. He must have a knowledge of some fact or facts calculated to produce such a belief in the mind of an ordinarily intelligent man."

Applying the reasoning of that case to the present, we are of opinion there was proof of no such facts as to reasonably cause Allender to believe that the Wolf Company intended to give him a preference. That he was anxious about his claim and wanted more security is true; but this state of a creditor's mind is not the measure of proof the act requires.

This view of the case renders it unnecessary for us to pass on the question of whether this appeal lies, as we are of opinion it should be dismissed on the merits.