### In re KULLBERG.

(District Court, D. Minnesota. October 1, 1909.)

1. **BANKRUPTCY (§ 166*)—LIENS—EVIDENCE OF INTENT TO DEFRAUD CREDITORS.**
   The mere fact that a preference resulted from the giving of a mortgage by a bankrupt does not render it void under Bankr. Act July 1, 1898, c. 541, § 67e, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), as a transfer made "with intent" to hinder, delay, or defraud his creditors.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 252; Dec. Dig. § 166.*]

2. **BANKRUPTCY (§ 166*)—LIENS—GOOD FAITH OF MORTGAGEE.**
   The fact that a mortgagee, to whom a bankrupt gave a mortgage for a present consideration within four months prior to his bankruptcy, knew that the proceeds were to be used to pay debts, does not impeach his good faith, nor render the mortgage void under Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), unless he also knew, or had reasonable cause to believe, that the borrower was insolvent.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 255–257; Dec. Dig. § 166.*]

In the matter of John Kullberg, bankrupt. On review of decision of referee. Affirmed.

Stevens & Stevens, for creditors.
Dougherty & Dahl, for bankrupt.

WILLARD, District Judge. The bare fact that a preference resulted from this transaction does not make the mortgage void under the provisions of section 67e of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]).

Judge Sanborn, speaking for the Circuit Court of Appeals, Eighth Circuit, in the case of Coder v. Arts, 152 Fed. 943, 947, 82 C. C. A. 91, 95 (15 L. R. A. [N. S.] 372), said:

"A transfer made in good faith to pay or to secure an honest antecedent debt by an insolvent within four months of the filing of the petition in bankruptcy by or against him constitutes no evidence of an intent on his part to hinder, delay, or defraud other creditors, within the meaning of section 67e of the bankrupt law, notwithstanding the fact that its necessary effect is to hinder and delay them, and to deprive them of the opportunity they might otherwise have had to collect their claims in full."

Having been given for a present consideration, the mortgage in question is valid under the provisions of section 67d if it was made in good faith, and not in contemplation of or in fraud of the act.

The fact that the mortgagee knew that the proceeds were to be used to pay existing creditors does not make the mortgage void. This has

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

been held by the Circuit Court of Appeals of this circuit in Stedman v. Bank of Munroe, 117 Fed. 237, 54 C. C. A. 269. It has also been held in the Circuit Court of Appeals for the Sixth Circuit in Re Soudan ·Manufacturing Company, 113 Fed. 804, 51 C. C. A. 473. Anything which may have been held to the contrary, in Re Pease (D. C.) 129 Fed. 446, relied upon by the trustee, cannot prevail against the ruling of the Circuit Court of Appeals of this circuit.

No fraud upon the act could have been contemplated unless Hassinger had reasonable cause to believe at the time the mortgage was made that Kullberg was insolvent, and this is the real question in the case. It is a question of fact upon which the referee found in favor of the validity of the mortgage. The evidence presented before him was not, in my opinion, stronger than the evidence presented in other cases where it has ·been held by the Circuit Court of Appeals of this circuit, and in the Circuit Court of Appeals of other circuits, that the creditor did not have reasonable cause to believe that the debtor was insolvent. Coder v. Arts, 152 Fed. 943, 82 C. C. A. 91, 15 L. R. A. (N. S.) 372; Hussey v. Richardson-Roberts Dry Goods Co., 148 Fed. 598, 78 C. C. A. 370 (8th Circuit); In re Eggert, 102 Fed. 735, 43 C. C. A. 1 (7th Circuit); Sharpe v. Allender, 170 Fed. 589, 96 C. C. A. 104 (5th Circuit); s. c. In re Wolf Co. (D. C.) 164 Fed. 448.

.The order of the referee dated March 27, 1909, whereby the application of the trustee for the canceling and vacating of the chattel mortgage of $1,000 made to Robert M. Hassinger by the bankrupt Kullberg on· the 8th day of December, 1908, was denied is in all things hereby confirmed.