[Civ. No. 4687. First Appellate District, Division Two.—December 26, 1923.]

## HENRY R. VAIL, Appellant, v. NICHIBEI BUSSAN COMPANY (a Corporation) et al., Respondents.

[1] FRAUDULENT CONVEYANCES—PERSONAL PROPERTY—ISSUES—BURDEN OF PROOF—FINDINGS.—In an action to set aside a transfer of personal property upon the ground that it was fraudulent and in violation of section 3440 of the Civil Code, the burden is upon the plaintiff to prove that the transferor was in "possession and control of the property" at the time of the transfer; and in the absence of proof upon that subject the finding must be against the plaintiff.

[2] ID.—CONTINUED EMPLOYMENT OF VENDOR—EVIDENCE.—The fact that the personal property, which had theretofore been transferred by the defendant debtor to a partnership consisting of said defendant and others, and for which said defendant acted as manager, was transferred to a corporation organized by the same men who had constituted the partnership, and that said defendant was retained in the employ of the corporation as manager, while a circumstance which would have aided a finding in favor of plaintiff upon the question of change of possession had such a finding been made, there is nothing conclusive about it.

[3] ID.—ISSUES—EVIDENCE.—In an action to set aside a transfer of personal property upon the ground that it was fraudulent and in violation of section 3440 of the Civil Code, the ultimate fact is the immediate delivery and actual and continued change of possession of the goods from the vendor to the vendee, and when it is apparent to all the world that the vendor has ceased to be the owner and another has acquired and openly occupies that position, the statute is satisfied.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. Clarence Ogden for Appellant.

Gillogley, Crofton & Payne for Respondents.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment against him in an action in which he sought to

have certain transfers of personal property declared void
and the property subjected to execution in satisfaction of
a judgment obtained upon August 20, 1921, against the de-
fendant S. Tatsuno for over two thousand dollars upon a
promissory note dated September 29, 1920.

The complaint alleged that on September 28, 1917, S.
Tatsuno was the owner and in possession of certain personal
property consisting of a stock of merchandise in a dry-goods
store in San Francisco, California; that about October 15,
1920, S. Tatsuno transferred this personal property to Tsuyo
Tatsuno, intending thereby to delay, hinder, and defraud
the creditors of S. Tatsuno and subsequent to November 1,
1920, Tsuyo Tatsuno transferred the property to S. Tatsuno,
T. Tsuchiya, M. Uchiyama, N. Yokiyawa, and Tsuyo Tat-
suno, intending thereby to hinder, delay, and defraud the
creditors of S. Tatsuno, and that on December 1, 1920, the
five persons last named, as co-owners, transferred the prop-
erty to Nichibei Bussan Company, a corporation, intending
to delay, hinder, and defraud the creditors of S. Tatsuno;
that the Nichibei Bussan Company had notice of the in-
tended fraud upon the plaintiff as a creditor of S. Tatsuno.

For a second cause of action, the plaintiff added to the
allegations contained in the first count the following: That
on September 28, 1920, and prior thereto, S. Tatsuno was
the owner of and in possession of the merchandise in dispute
and has ever since remained and now is in possession and
control of said property and in addition thereto the bank
account carried in the name of Nichibei Bussan Company;
that S. Tatsuno is manager of and in control of the
Nichibei Bussan Company.

The trial court found, specifically, that all of the allega-
tions of the complaint were untrue and found the facts to be:
That on or about December 1, 1920, the defendants S. Tatsuno,
T. Tsuchiya, M. Uchiyama, and N. Yokoyawa, as copartners
and co-owners were in possession of the store and merchan-
dise mentioned in plaintiff's complaint; that at said date the
said copartners transferred said property to the defend-
ant Nichibei Bussan Company, a corporation; that said
transfer was made in good faith and without any intent
to hinder, delay, or defraud any creditor of S. Tatsuno
and that said transfer was accompanied by an immediate

and continued change of possession of the property transferred.

The appellant complains of the findings against him, asserting they are unwarranted by the evidence. The record is very brief, the plaintiff's case resting upon the following testimony by the defendant S. Tatsuno:

"I am one of the defendants in this action. My business is the dry-goods business, at 1701 Post Street. The name of the store is the Nichibei Bussan Company. I have been connected with it from 1902, I think. I have been employed in the dry-goods business under the name Nichibei Bussan Company from 1902 right down to date. Originally, when I first start in business I had two partners, Mr. Kano and Mr. Koto. Mr. Koto stayed in the business, I think about two years until he died. When he died we paid to his doctors a fee and expenses and that used up his interest, when we paid the expenses of his funeral and sickness. I think that is it, I don't know if it was exactly. Later Mr. Kano went to Los Angeles and we separated. I then bought his interest. Then I was all by myself for a little while. Mr. Kano sold out to me one day before the fire in 1906. Then I took in some new partners who are the same men that are with me to-day. We continued to conduct the store as the Nichibei Bussan Company. When we first opened the store sometimes I signed, and sometimes Mr. Kano signed and sometimes Mr. Koto signed checks for the payment of goods. After Mr. Kano and Mr. Koto went out I signed the checks. I was manager of the store during the course of the partnership formed after Kano and Koto were out. The corporation was formed in 1920. The same men who were my partners after Mr. Kano and Mr. Koto left formed this corporation. There were no new persons interested in the corporation. The business has continued down to the present time as a corporation. I am manager of the corporation. Mr. Tsuchiya is president of the corporation. I sign the checks. The name is just the same except we add 'a corporation,' and we have continued on in the same place of business. After Kano and Koto went out of our original partnership no articles of partnership were ever signed between myself and the new partners. No papers were ever made. We never published any notice of the formation of this partnership or that I was selling

to them. I am still the manager of the Nichibei Bussan Company, now a corporation, and I still sign all the checks and I signed all the checks before the formation of the corporation.''

Upon cross-examination, Mr. Tatsuno testified: ''At the time the Nichibei Bussan Company, a corporation, took over the store we changed the name over the door and issued cards announcing that it was a corporation and changed the bank account from the name of the partnership to the name of the corporation. Before the formation of the corporation the name was Nichibei Bussan Company, after Nichibei Bussan Company, a corporation, incorporated.''

[1] Appellant argues that since S. Tatsuno merely testified that he ''took in some new partners who are the same men that are with me to-day'' and failed to state that these men took actual possession of the property or exercised any dominion over the same, the findings should have been that Tatsuno alone remained in possession up to the time of the transfer to the corporation and not that the copartners were in possession of the same at the time of said transfer. This argument overlooks the fact that the burden of bringing himself within the purview of section 3440 of the Civil Code rested upon the plaintiff. He did not sustain the burden of proving the fact that S. Tatsuno, individually, was in ''possession and control of the property'' at the time of the transfer to the corporation. Appellant contends that the assumption should be in his favor in the absence of any proof upon the subject. On the contrary, when no evidence is introduced upon an issue, the finding should be against the party having the burden of proof. (*Dieterle* v. *Bekin,* 143 Cal. 683, 688 [77 Pac. 664].)

[2] It appears from findings, properly made, that the transfer to the corporation sought to be set aside as fraudulent against the creditors of S. Tatsuno was made by a co-partnership and not by S. Tatsuno, individually, and that the partnership was in possession of the property at the time of the transfer and delivered the possession of the same to the corporation. The fact strongly relied upon by appellant that S. Tatsuno was retained in the employ of the corporation as manager of the store despite the fact that he had been actively engaged in the management of the business under the partnership arrangement is only a cir-

cumstance which would have aided a finding in favor of appellant upon the question of change of possession had such a finding been made, but there is nothing conclusive about it. **[3]** The ultimate fact was the immediate delivery and actual and continued change of possession of the goods from the vendor to the vendee, and when it is apparent to all the world that the vendor has ceased to be the owner and another has acquired and openly occupies that position, the statute is satisfied. (*Godchaux* v. *Mulford,* 26 Cal. 316 [85 Am. Dec. 178].) In the present case there was evidence that notice of the sale of the property by the partnership to the corporation had been recorded in the recorder's office of the city and county of San Francisco on November 23, 1920; that the name had been changed over the place of business; that new cards and stationery had been used bearing the new name indicating the corporate entity; that the bank account had been changed; that one of the former partners had become president of the corporation. Section 3440 of the Civil Code makes the want of an immediate delivery and continued change of possession conclusive evidence of fraud, but it introduces no new rule touching what shall constitute such delivery and change of possession. That was a question of fact for the trial court, which has been determined against the plaintiff and, therefore, the circumstance upon which he relies becomes of no significance upon the present appeal.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1924.