[Civ. No. 3676. Third Appellate District.—March 11, 1929.]

EUGENE L. GRAY, as Trustee in Bankruptcy, etc., Appellant, v. F. D. LITTLE, Respondent.

Frank A. Duryea for Appellant.

W. P. Rich for Respondent.

JAMISON, J., *pro tem.*—This action was brought by appellant as trustee in bankruptcy to set aside a transfer made by the bankrupt within four months of the bankruptcy proceedings, and during the alleged insolvency of the bankrupt, upon the ground that a voidable preference was thereby created.

It appears from the evidence that respondent and William M. Brown, for a period of four years prior to May 24, 1926, were copartners engaged in the cleaning and dyeing business in the city of Marysville, under the name of ''Brown's Cleaning & Dyeing Works,'' respondent owning a one-third interest in said partnership, and said William M. Brown owning a two-thirds interest therein, said Brown receiving a salary of $200 per month and respondent a salary of $175 per month. During the last of April, 1926, and in May of that year, an audit of the business of said partnership was had, which disclosed that William M. Brown had ab-

stracted from the funds of said partnership, up to May 22, 1926, $11,766.04; that debts of said partnership were outstanding to the amount of $618.19, and that the partnership owed respondent back salary amounting to $1,188.01. Respondent becoming aware, through this audit, that William M. Brown had, without his previous knowledge, abstracted the aforesaid sum from the funds of the partnership, demanded of said Brown that he pay the same back to the partnership. This Brown was unable to do. It was then agreed to dissolve the partnership, and it was further agreed that Brown should transfer his two-thirds interest in said partnership to respondent, and as a consideration therefor respondent agreed to assume and pay all partnership indebtedness and to release said Brown from all claims for the money Brown had withdrawn from the partnership. Thereupon, on the said twenty-fourth day of May, 1926, the said William M. Brown executed a bill of sale to respondent for his two-thirds interest in the business and assets of said partnership. Said Brown believing that he might be able to purchase back from respondent the said business and assets of said partnership, suggested that respondent give him an option to that effect, which respondent did on May 25, 1926, the purchase price being placed in said option at the sum of $8,553.63, and the said option running until July 1, 1926. Brown was not able to raise the money to comply with the terms of the option. On May 25th Brown signed a notice that the sale of his two-thirds interest in the business and assets of said partnership would be consummated on July 6, 1926, and on June 29, 1926, this notice was duly recorded. At the time the bill of sale was executed Brown was insolvent and had creditors whose debts against him amounted to several thousand dollars.

■ The amended complaint contained four counts. The first count, after alleging the insolvency of Brown, stated that the transfer of Brown's two-thirds interest in the business and assets of the partnership was a preference in favor of respondent and that respondent had reasonable cause to believe that the said transfer would effect a preference. The trial court found that at and before the date of said transfer respondent was unaware that said Brown was bankrupt; that respondent had no knowledge of the financial condition of said Brown until about the 6th of July, 1926. The court further found that it was not true that said transfer

resulted in giving respondent a preference, whereby he obtained a greater percentage of his claim than other creditors, or that at the time of said transfer he had reasonable ground to believe that the said transfer would effect such or any preference. The findings are supported by the testimony of respondent, who testified that at the time said transfer was made to him by Brown he had no knowledge that Brown had any creditors other than himself; that after the transfer and before the option expired, Brown told him that he had succeeded in raising $4,500 in cash; that out of this he would have to take $1,800 for a bill he owed, leaving $2,700 which he could apply on the option; that on one occasion, some time during the existence of the partnership, a customer, instead of paying a debt he owed the partnership, presented an account owing him by Brown; that respondent spoke to Brown about it and Brown settled the account. The only other evidence tending to show that respondent was aware of Brown's financial condition was the testimony of the said William M. Brown, called as a witness for appellant, who testified that two days before the option expired, about the last of June, 1926, he informed respondent that he had $4,500, and offered it to him with his note for the balance named in the option, telling him that if he did not accept those terms he, Brown, did not intend to turn everything over to respondent and let the rest of his creditors hold the sack. Respondent denied having had this conversation with Brown. This was all of the evidence that showed or tended to show, at any time prior to July 6, 1924, that respondent had any knowledge that Brown was indebted to others than himself. Nor is there any evidence that any agent of respondent had any such knowledge prior to July 6, 1926. We are of the opinion that the evidence supports the findings of the court as hereinbefore set out.

█ The fact, alone, that a creditor knows his debtor to be financially embarrassed and is pressing for a payment of his claim, is not sufficient to charge him with having reasonable cause to believe his debtor to be insolvent. (*Sharpe* v. *Allender*, 170 Fed. 589; *Page* v. *More*, 179 Fed. 988.) Mere suspicion that the debtor may be insolvent is not sufficient to render payments received by a creditor voidable as preference, but he must have such knowledge of facts as to induce a reasonable belief of insolvency. (*Bassett* v. *Evans*,

253 Fed. 522; *City National Bank* v. *Slocum,* 272 Fed. 11; *Homan* v. *Hirsch,* 106 Or. 982 [211 Pac. 795].) It is not enough that a creditor has cause to suspect the insolvency of the debtor, but he must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency, in order to invalidate a security taken for his debt. (*Grant* v. *National Bank,* 97 U. S. 81 [24 L. Ed. 971, see, also, Rose's U. S. Notes]; *In re Campion et al.,* 256 Fed. 902.)

■ In the case last cited the court said that the burden is on the trustee in bankruptcy to show that the creditor to whom the transfer was made shortly before bankruptcy had reason to believe that a preference would result. The trustee has failed to sustain this burden in this case. William F. Brown testified that the gross value of the partnership was $10,000 or $12,000. L. F. Albrecht testified that he figured the gross value of the assets at $10,000. Respondent testified that the value of the business and assets of the partnership was less than $6,000. The evidence disclosed that the lease on the premises occupied by the partnership had expired; that parts of the equipment and appliances used in the partnership business were attached to the leased premises and could not be removed without the consent of the landlord, and no such consent had been obtained; that the value of this equipment and appliances was about $3,000; the debts against the partnership amounted to about $1,800. The court found that at the date of the transfer the assets of the partnership did not exceed the sum of $5,000. The consideration for this transfer was the release of said Brown from his part of the partnership debts, the said debts amounting to the sum of $1,806.24, and Brown's part being $1,204.18, and the release of Brown from paying to respondent one-third of the $11,766.04 abstracted by Brown from the funds of said partnership, making the total amount from which Brown was released the sum of $5,126.18. As the trial court found that the assets of the partnership at the date of the said transfer did not exceed the sum of $5,000, it would seem that the consideration passing to Brown upon said transfer not only exceeded his interest in said assets but also exceeded the full value of the partnership property.

■ The second count of the complaint alleges that the transfer was not followed by the actual and continued change of possession of the business and equipment of the

partnership, but that to all intents, appearances, and purposes Brown continued in possession and control thereof until about the sixth day of July, 1926. It appears from the evidence that up until the dissolution of the partnership on May 24, 1926, the work of the business of said partnership was divided between said Brown and respondent, Brown doing the inside work and respondent the outside work, the inside work, presumably, being the dyeing, cleaning, and pressing of garments entrusted to said partnership, and the outside work being the collection of the garments to be dyed, cleaned, or pressed, and the delivery of them after the work was done. It further appears that after the transfer, respondent hired Brown to continue the inside work of said business, but that after the said transfer respondent managed and controlled the business, signing, with his own name alone, all checks upon the partnership fund, and generally conducted the business as the sole proprietor thereof. That he informed his employees, members of his family, acquaintances and others that he had purchased the interest of his said partner in said partnership business, and was the sole owner thereof, and Brown testified that this was generally known. Section 3440 of the Civil Code provides, in substance, that every transfer of personal property is conclusively presumed to be fraudulent if made by a person having at the time possession or control of the property, and not accompanied by an immediate delivery, and followed by actual and continued change of possession of the thing transferred. In this case respondent and Brown were, at the date of the transfer, in joint possession of the partnership property. Upon the execution of the bill of sale respondent took sole possession of said property, and thereafter managed and controlled it as the sole owner thereof. The court found that respondent took possession of said property on May 24, 1926, and thereafter continued in possession of same, and that it is not true that the transfer of said property to respondent was not accompanied by immediate delivery of said property to him, or that same was not followed by the actual and continued change of possession. In the case of *Hassell* v. *Bunge*, 167 Cal. 365 [139 Pac. 800], the court, after stating that the delivery and change of possession required must be a visible and apparent change of the custody of the property such as to give evidence to the world of the claims of the new owner,

must be actual and not merely constructive, and must be open and unequivocal, carrying with it the usual marks and indications of ownership, also said: "Whether under these tests there has been a delivery and change of possession is a question of fact, to be determined by the trial court or jury upon a consideration of all the evidence. The finding upon this, as upon other issues of fact, is conclusive upon appeal unless, reading the evidence in the light, and with the inference most favorable to the conclusion reached below, the appellate court can say that the conclusion is without substantial support in the record." (*Feeley* v. *Boyd,* 143 Cal. 282 [65 L. R. A. 943, 76 Pac. 1029]; *Jarvis* v. *Webber,* 196 Cal. 86 [236 Pac. 138].) ▮ Where the vendee is in possession of the property at the time of the transfer, the court will consider the fact in determining whether or not a sufficient delivery has been made. (*Banning* v. *Marleau,* 101 Cal. 238 [35 Pac. 772]; *Hogan* v. *Cowell,* 73 Cal. 211 [14 Pac. 780].) ▮ While the employment of the vendor by the vendee after the sale is a circumstance to be carefully weighed by the court or jury, it is not conclusive and may be explained. (*Hickey* v. *Coschina,* 133 Cal. 81 [65 Pac. 313]; *Vail* v. *Nichibei Bussan Co.,* 65 Cal. App. 60 [223 Pac. 577].)

After a careful examination of the evidence, we cannot say that there was not substantial evidence to support the findings of the court upon the matter of delivery of the possession of the property by Brown to respondent at the time of the transfer, and of actual and continued possession of same thereafter by respondent

▮ Respondent claims that he has a lien arising from said partnership superior to the rights of the creditors of Brown, upon whatever interest Brown may have in the partnership property. It appears that Brown, at the date of the dissolution of the partnership, owed it the said sum of $11,766.04 which he had abstracted from its funds as aforesaid. The debts existing against said partnership at the date of its dissolution amounted to the sum of $1,806.20. Conceding that upon a settlement of the partnership business Brown would be liable for only one-third of the money he abstracted, there would still exist a liability against him of this one-third, amounting to the sum of $3,922, and two-thirds of the other partnership debts amounting to $1,200, or a total of $5,122, said last-named sum being largely in

excess of the value of Brown's two-thirds interest in said partnership. Section 5, subdivision "h" of the National Bankruptcy Act (11 U. S. C. A., sec. 23h), provides that in the event one member of the partnership be adjudged a bankrupt, the partner or partners not adjudged bankrupt shall settle the partnership business and account for the interest of the partner adjudged bankrupt. Therefore, in the case under consideration, respondent not being adjudged bankrupt would have the right to settle up the partnership business and upon such settlement, account to the trustee in bankruptcy for whatever interest bankrupt Brown was found to have in the partnership business. Section 2405 of the Civil Code is as follows: "Each member of the partnership may require its property to be applied to the discharge of its debts, and has a lien upon the shares of the other partners for this purpose, and for the payment of the general balance if any due him." In the case of *Crane & Co.* v. *Dryer*, 9 Cal. App. 290 [98 Pac. 1072], Justice Hart, delivering the opinion of the court, said: "Undoubtedly the code rule proceeds from, and is therefore in perfect harmony with, the soundest principles of equity, for what conceivable reason, unless one not founded in common sense, can be suggested why a member of a partnership should not be authorized to require and compel the application of the partnership property to the discharge of the partnership debts, in preference to the payment by such means of the individual debts of the members of such partnership?" (*Conray* v. *Woods*, 13 Cal. 626 [73 Am. Dec. 605]; *Duryea* v. *Burt*, 28 Cal. 569; Story on Partnership, 7th ed., sec. 97.)

It is a well-settled proposition of law that the interpretation placed by the highest court of the state upon its statutes is conclusive upon the federal courts. (*Smiley* v. *State of Kansas*, 196 U. S. 445 [49 L. Ed. 546, 25 Sup. Ct. Rep. 289]; *Crocker* v. *Scott*, 149 Cal. 575 [87 Pac. 102].)

The question of respondent's lien upon the partnership property was an issue before the court. Upon this issue the court found in favor of respondent. This finding is supported by the evidence.

The fourth count of the amended complaint alleges that no notice of the sale was filed and recorded, as required by the provisions of section 3440 of the Civil Code. That section requires the recording of the seven-day notice only where the transfer is of a stock in trade in bulk, otherwise

than in the usual course of trade, or the transfer of the fixtures or store equipment of a baker, cafe or restaurant owner, garage owner, machinist, or retail or wholesale merchant.

The business carried on by the said partnership was a cleaning and dyeing business. No merchandise in bulk, or otherwise, was kept for sale or sold. They were not merchants, nor did their business fall under any of the classes mentioned in section 3440 of the Civil Code, which prohibited a sale of the fixtures without first giving the seven-day notice. Therefore, upon a sale of the fixtures, equipment and appliances of the said business, the seven-day notice of such sale was not required to be given.

▆▆▆ Appellant in his brief claims that the findings were in some respects conflicting. We do not find any merit in these contentions. The relief demanded by appellant in this action is the cancellation of the transfer of the partnership property to respondent; that respondent, as the surviving partner, be required to forthwith settle up the partnership business and account to appellant for the interest found to be in favor of said William M. Brown.

It is apparent from the evidence and the findings of the court that even if such relief were granted to appellant, it would be a mere idle act for the reason that the lien which the law gives the respondent, as hereinbefore set forth, would consume the interest of said Brown in the assets of said partnership, and there would be nothing left to turn over to appellant. The law neither does nor requires idle acts. (Sec. 3532, Civ. Code.)

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 10, 1929.