[Civ. No. 9521.  First Appellate District, Division Two.—May 23, 1935.]

NORMAN H. BENNETT, as Trustee, etc., Appellant, v. GEORGE P. PAULSON et al., Defendants; PETER BOUDOURES, Respondent.

A. Don Duncan and Thos. W. Firby for Appellant.

Virgil G. Skinner for Respondent.

SPENCE, J.—This suit to set aside an alleged fraudulent transfer and for other relief was originally brought by Norman H. Bennett as a judgment creditor of defendant George P. Paulson. Thereafter said defendant was adjudicated a bankrupt and said Norman H. Bennett was appointed trustee. By order of the trial court Norman H. Bennett, as trustee of the estate of George P. Paulson, bankrupt, was substituted as party plaintiff herein. The cause was tried by the court sitting without a jury and resulted in a judgment denying plaintiff any relief. Plaintiff appeals from said judgment.

Defendants George P. Paulson and Peter Boudoures were partners doing business under the firm name of "Maison-Paul Grill". During the pendency of an action in which Norman H. Bennett was plaintiff and said George P. Paulson was defendant, said George P. Paulson recorded notice of his intention to sell all of his interest in and to said partnership to his said partner Peter Boudoures. At the time and place specified in said notice the partners executed an agreement, whereby the partnership was dissolved and defendant Paulson assigned all of his right, title and interest in and to said partnership and all of its assets to defendant Boudoures. In consideration of such transfer, defendant Boudoures agreed to assume all of the outstanding partnership obligations and to release defendant Paulson from all claims. After said Norman H. Bennett had obtained judgment against said George P. Paulson individually in the action then pending and after execution had been returned wholly unsatisfied and resort had been had to supplementary proceedings, said Norman H. Bennett commenced this suit. In the complaint herein, plaintiff alleged that said transfer was made without any consideration and was made with the intent on the part of defendants to hinder, delay and defraud plaintiff as a judgment creditor of defendant George P. Paulson. Plaintiff prayed that the transfer be set aside as fraudulent, that a

receiver be appointed for the purpose of an accounting and that an order be made charging the interest of defendant George P. Paulson in said partnership with the payment of the judgment in the action above mentioned.

The trial court made full and complete findings and found against plaintiff on many of the material allegations of the complaint. The trial court found among other things that the transfer by defendant Paulson to defendant Boudoures of the partnership assets was not made with the intent to hinder, delay or defraud any creditor of either of them; that said copartnership had not been earning any profits for some time prior to the transfer and that at the time of said transfer the liabilities of the copartnership exceeded its assets; that said transfer was made in good faith and for a good and valuable consideration; that by reason of the fact that the assets of said copartnership were insufficient to pay its liabilities there would have been no assets remaining for the individual use or benefit of either of said partners in the event that the copartnership affairs had been wound up at the time of the transfer.

■ While appellant claims that the evidence was insufficient to sustain several of the findings made by the trial court, we believe it only necessary to state that a review of the record shows that there was ample evidence to sustain the trial court's findings to the effect that the liabilities of the copartnership exceeded its assets at the time of said transfer. There being sufficient evidence to sustain the last-mentioned findings, appellant was not entitled to have said transfer set aside. Under somewhat similar circumstances the court said in *Gray* v. *Little,* 97 Cal. App. 442, at page 451 [275 Pac. 870], ''The relief demanded by appellant in this action is the cancellation of the transfer of the partnership property to respondent; that respondent, as the surviving partner, be required to forthwith settle up the partnership business and account to appellant for the interest found to be in favor of said William M. Brown.

''It is apparent from the evidence and the findings of the court that even if such relief were granted to appellant, it would be a mere idle act for the reason that the lien which the law gives the respondent, as hereinbefore set forth, would consume the interest of said Brown in the assets of said part-

nership, and there would be nothing left to turn over to appellant. The law neither does nor requires idle acts. (Sec. 3532, Civ. Code.)''

Appellant seems to contend that he was not required to allege or prove that there would be any surplus of assets over liabilities, but was entitled as a matter of right, as the legal representative of the bankrupt, to an accounting to determine whether any such surplus existed. In support of his position, he cites sections 2424 and 2431 of the Civil Code. We find no merit in this contention. Here the partners had not only agreed to a dissolution of the partnership but had also adjusted and terminated all of their rights as partners by their agreement. Said agreement thereafter governed the rights of the former partners and their legal representatives unless and until said agreement was set aside. This suit was therefore primarily one to set aside said agreement and transfer and hence appellant's rights were governed by the general rules applicable to suits by creditors for the purpose of setting aside alleged fraudulent transfers.

In 12 California Jurisprudence, 976, it is said, ''However much a conveyance may be tainted with fraud, no creditor may set it aside, unless some specific property out of which he has a right to satisfy his claims is by the fraudulent conveyance, withdrawn beyond his reach. The intent to delay or defraud creditors is not enough; there must also be a resulting injury to the creditor, which must be affirmatively shown.'' (See, also, Civ. Code, sec. 3441.) Here appellant failed to allege or prove facts showing that any creditor of said Paulson had been injured by said transfer and we therefore conclude that the trial court properly denied the relief asked.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 22, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 22, 1935.