[No. 6,977.—In Bank.]

## PIO PICO v. ROMULO PICO.

ACTION FOR THE RECOVERY OF PERSONAL PROPERTY—CLAIM AND DELIVERY—REPLEVIN—PLEADINGS.—In an action for the recovery of personal property, where the property has been delivered to the plaintiff under proceedings in the action, it is not necessary, in order to entitle the defendant to a return, that he should allege affirmatively that he, or a third person, is entitled to the possession of the property. The general denial, if the plaintiff fails to prove his averments, determines that the property should be restored to the defendant.

ID.—ID.—ID.—ID.—CASE EXPLAINED.—The power of the Court, as asserted in *O'Connor* v. *Blake*, 29 Cal. 47, to refuse a return where the defendant has lost his right to it pending the suit, does not depend upon allegations of the answer, but is employed upon equitable principles, and because it would not be advisable to return the property to defendant, merely that it might again be replevied by the plaintiff.

ID.—ID.—ID.—ID.—JUDGMENT.—A defendant cannot have *judgment* for a return of the property, or its value, unless he has claimed a return in his answer. But this, even if it be held to require a formal demand, is not because such demand is necessary in order to eke out the denials, or constitutes of itself an affirmative allegation, but because it is arbitrarily made the duty of the defendant to assert his formal claim for a return as a prerequisite to a judgment for the return of the property or its value.

ID.—ID.—ID.—ID.—ID.—FINDINGS—AMENDMENT OF ANSWER—SUPPLEMENTAL COMPLAINT.—In an action for the recovery of personal property, where the property had been delivered to the plaintiff pending the suit, and the answer was a general denial, without any claim for a return of the property, the case was referred to a referee for trial, who found the value of the property, and that the plaintiff was not at the commencement of the action, or at all, the owner or entitled to the possession of the property, and reported a judgment for a return of the property or its value; and the Court

thereupon permitted the defendant to amend his answer by inserting a claim for the return of the property; and the judgment of the referee was entered. *Held,* (1) that the referee properly found the value of the property because it was denied by the answer, and the jursdiction of the Court depended on it; (2) that the finding that plaintiff was not entitled to the possession was in effect a finding that defendant was so entitled; (3) that as to the question whether the right to the possession had passed from the defendant to the plaintiff pending the suit, that question was not presented by the *pleadings,* and that, if constructively put in issue by the original pleadings, it was disposed of by the findings; (4) that the facts found would have fully sustained the judgment entered, had the original answer contained a formal claim for a return of the property; (5) that a formal claim would not have broadened the issues, and that therefore the Court did not err in permitting it to be inserted.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Seventeeth District Court, County of Los Angeles. SEPULVEDA, J.

*Glassell, Smith & Smith,* for Appellants.

In replevin, where the defendant desires a return of the property, he must plead his title and demand a return. Otherwise a judgment for a return cannot be rendered. (Harston's Prac. § 667, and note; 5 Wait's Actions and Defenses, 500, and cases cited; Wells on Replevin, § 688; *Gould* v. *Scannell,* 13 Cal. 430 ; *O'Connor* v. *Blake,* 29 id. 317 ; 1 Chitty's Pleadings, 165, and cases cited; *Yates* v. *Fassett,* 5 Denio, 31 ; *The People* v. *Niagara C. P.* 4 Wend. 217 ; *Angel* v. *Hollister,* 38 N. Y. 382, 383 ; *Potter* v. *North,* 1 Saund. R. 347 *b,* n. 3; *Rogers* v. *Arnold et al.* 12 Wend. 30.)

The referee therefore erred in finding as to the value of the property, and as to the taking by the plaintiff under the writ. The defendant's answer consisting only of a general denial, a judgment for the return to him of the property could not (under the pleadings) be had; and these issues were therefore immaterial.

For the same reason, he erred in giving judgment for the defendant for a return of the property.

The Court erred in permitting the amended answer to be filed, claiming a return of the property.

The issues originally made had been referred by *consent* to the referee; and he had tried the case and made his findings and judgment under those issues.

A judgment for the return of the property must be based upon a right of the defendant existing at the date of the judgment. (*O'Connor* v. *Blake,* 29 Cal. 312.)

It might very well be (and there was evidence tending to show) that the defendant, at the beginning of the action, had a right to the possession, and yet that his right had ceased at the trial.

Moreover, the amended answer was altogether insufficient to entitle the defendant to the relief prayed for.

In claiming a return of the property, the defendant himself became an actor; and it was necessary for him to state facts sufficient to entitle him to a return of the property; and especially it was necessary for him to allege that he was the owner, or otherwise entitled to the possession, at the time of the trial. (*O'Connor* v. *Blake,* 29 Cal. 317; and other authorities cited *supra;* Wait's Actions and Defenses, 500; Wells on Replevin, § 788; 1 Chitty on Pleading, 165; *Potter* v. *North,* 1 Saund. 347 *b,* 3.)

*Thom & Stephens,* for Respondent.

It is within the power of the Court below to grant amendments whenever at any stage of the trial they are necessary to the purposes of justice. This power should be liberally exercised to secure a fair trial on the merits, and we do not feel disposed to interfere with the action of the Court below when exercised in this direction. (*Lestrade* v. *Barth,* 17 Cal 289; Code Civ. Proc. §§ 473, 475; *Stringer* v. *Davis,* 30 Cal. 318; *Pierson* v. *McCahill,* 22 id. 131; *Baldwin* v. *Bornheimer,* 48 id. 435; *Connalley* v. *Peck,* 3 id. 81.)

The Court may direct the complaint to be amended after verdict so as to conform to the verdict. (*Hooper* v. *Wells, Fargo & Co.* 27 Cal. 35.)

McKinstry, J.:

The action was brought to recover certain personal property, or its value, alleged to be $5,000. The original answer was a general denial. By consent, the cause was referred for a trial of all the issues of law and fact. Among other findings, the

referee found the value of the property, and that it had been taken under a "writ of replevin," and delivered to plaintiff, who had since "unlawfully withheld the same from the possession of the defendant." The property was, in fact, taken under a writ issued at the commencement of the action, and delivered to plaintiff. The judgment of the referee was, that plaintiff take nothing; that defendant have and recover of plaintiff the possession of the property, or in case delivery could not be had, that he recover the value of the property, adjudged to be $3,547.50. This judgment was entered November 25th, 1878. On the same day, an amended answer was filed, setting up, in addition to the denials of the original answer, that the property had been taken under the writ, and delivered to plaintiff; alleging its value to be $8,000, and claiming its return. The transcript does not show whether the amended answer was or was not filed by leave of the Court. It must, therefore, be presumed that leave was granted, and the answer filed before the judgment was entered.

Appellant claims that the amended answer was insufficient to authorize a judgment in favor of defendant for a return of the property, or its value, inasmuch as it does not allege the defendant to be the owner, or otherwise to have the right of possession, "at the time of the trial." This position is based upon supposed precedents in the action of *replevin*.

While, however, the proceedings in our action, "claim and delivery," are in some respects analogous to those in "replevin," certain features which distinguished the practice in replevin have not survived. Thus, in replevin, the denial or general issue was *non cepit*. But *non cepit* simply denied the *taking*, and admitted title in the plaintiff. So *non detinet* put in issue only the detention. Neither the avowries nor cognizances exist under our system of laws. They passed away with the abolition of distresses for *rent*, cattle, *damage feasant*, etc. Avowries and cognizances admitted the taking of the plaintiff's property, and justified it as a seizure by distress; the former in the defendant's own right, the latter as distress made by defendant as bailiff for and in the right of another. A *justification* was where defendant was enabled to show that plaintiff had no property in the goods, and that they were the property

of the defendant, or some third person. There was a supposed technical necessity to allege property in defendant or a third person, since the general issue did not question the title of plaintiff. A simple *demand* in a plea for a return of the property was not sufficient, the plea had to state facts with respect to ownership or right of possession, such as would justify an award of a return. Indeed, if such facts were stated, a *formal* claim or demand was not essential. (*King* v. *Chandler*, 13 Ill. 623; *Underwood* v. *White*, 45 id. 438; *Chandler* v. *Lincoln*, 52 id. 76.) By our system of pleading, a defendant may fully justify under the general denial. If defendant cannot deny plaintiff's property without affirmatively asserting property in himself or some third person, then there can be no general denial of the averments of the complaint in this class of cases, although the Code of Civil Procedure expressly provides that there may be. Even of the former practice, under which, in order to obtain a judgment for a return of the goods, the defendant ought regularly to plead, as well property in himself (or a third person) as want of property in plaintiff, it was nevertheless said, " The traverse or denial of the plaintiff's right was the *material thing*, the allegation of title in another was merely inducement." (Wells on Replevin, 869; *Rogers* v. *Arnold*, 12 Wend. 38; *Chambers* v. *Hunt*, 18 N. J. L. 339; *S. C.* 22 id. 553; *Van Namee* v. *Bradley et al.* 69 Ill. 300.)

Under our system of pleading, the general denial puts in issue the plaintiff's right to the possession of the property—the material matter. If the plaintiff was not entitled to possession when he commenced his action, but possession has been delivered to him by means of the ancillary writ, the possession should be restored to the defendant, from whom it has been taken.

While *avowries* and *cognizances* continued, both parties in replevin were considered as actors, " the defendant, in respect of his having made distress (being a claim of right, and the avowry in the nature of a declaration), and the plaintiff in respect of his action." (1 Chitty's Plead. 165.) The same remark has been applied, somewhat loosely, to our action for the recovery of specific personal property. It is apparent, however, that under our system the denial puts in issue every aver-

ment of the complaint, which goes to show property in plaintiff when the action was commenced; and if, on the trial, it appears that plaintiff was not entitled to the possession when the suit was commenced, the defendant should be left undisturbed in his possession, if the goods have not been taken from him, and ordinarily they should be restored to him if they have been taken from him and delivered to plaintiff.

But appellant insists that the answer should allege the defendant's right to the possession up to "the time of the trial." It has been held, that if plaintiff has obtained possession of the property in dispute at the commencement of the action, and the defendant asks for a return of it in his answer, and it shall appear at the trial that his interest has ceased intermediate the commencement of the action and *the trial*, and the right to the possession has vested in the plaintiff, the Court should render a judgment in favor of the defendant for costs only. (*O'Connor* v. *Blake*, 29 Cal. 47.) There is nothing, however, in our Code of Procedure which provides for anticipatory pleading: the answer *cannot* aver that certain facts will exist in the future. Answers—unless supplemental, and averring matter arising *puis darrein continuance*—relate to the time of filing the complaint. So the substantial part of the declaration in *replevin* was, that "defendant, in a certain (definite place), took the goods and chattels of the plaintiff," etc.; and the plea, when defendant denied plaintiff's right, averred, "the said goods and chattels *were* (when taken) the goods and chattels of the defendant (*or* one 'E. F.'s'), and not of the plaintiff, as alleged." (Chitty's Precedents; Pleas in Replevin.)

The power of the Court, therefore, as asserted in *O'Connor* v. *Blake*, to refuse a return where defendant has lost his right to it, between the commencement of the action and the trial, is not dependent upon allegations in the answer; but is employed upon equitable principles, and because it would not be advisable to return the property to defendant merely that it might again be replevied by plaintiff.

Our conclusion is, that it is not necessary to allege affirmatively that defendant, or a third person, is entitled to the possession of the specific property sued for. The general denial, if the plaintiff fails to prove his averments, determines that

property taken from defendant by the writ of "replevin" should be restored to him.

Nevertheless, a defendant cannot have *judgment* for a return of the property or its value, unless he has claimed a return in his answer. (Code Civ. Proc. 627, 667 ; *Gould* v. *Scannell*, 13 Cal. 430.) But this, even if it be held to require a formal demand, is not because such demand is necessary to eke out the denials, or constitutes of itself an affirmative allegation, but because it is arbitrarily made the duty of defendant to assert his formal claim for a return as a prerequisite to a judgment for the return of the property or its value.

Except for this arbitrary requirement of the statute, the formal claim for a return of the property would not be necessary. We have seen, that where the facts set forth in a plea of replevin showed that defendant was entitled to the possession of the property when the action was commenced, a formal claim or demand for a return was not essential. In reference to replevin, courts and legal writers have said that a defendant was entitled to a judgment for a return whenever the question, whether a return should be had, was presented by the pleadings ; that is, whenever the right of plaintiff was contested, and the right of possession in defendant, or a third person, asserted. (Wells on Replevin, 489.) Under our system, the general denial contests the right of plaintiff, and under it may be shown the right of defendant or a third person. The denial of plaintiff's right to the possession necessarily includes an assertion of right in defendant, from whom the possession of the property has been taken under the writ; and would authorize a judgment for the return, were it not for the provision of the Code which requires a return to be claimed in the answer.

Appellant also insists that the Court below erred in permitting the amended answer, claiming a return, to be filed. He thus states the point : " The issues originally made had been referred, by *consent*, to the referee ; and he had tried the case, and made his findings and judgment under those issues. It was too late to permit an averment, raising new issues which had never been tried, and upon which plaintiff had no opportunity to be heard." We do not understand appellant to assert that the consent of a party to a reference for a trial of all the issues debars him from

making application to the Court for leave to amend his pleading, if the application is made at the proper time. His position is, that it is error to permit an amendment which creates *new issues* after the original issues have been tried.

The alternative judgment in favor of defendant, for a return of the property "or the value thereof," is proper when the answer "claims" a return, and the court, jury, or referee finds the value of the property, and that defendant is entitled to a return. We have seen, that the trial of the issues made by the general denial determines whether the plaintiff or defendant was entitled to the possession of the property when the action was commenced, and that a judgment refusing a return, by reason of a transfer of the right of possession intermediate to the commencement of the suit and the trial, does not depend upon the verbality of the pleadings.

The referee properly found the *value* of the property upon the original pleadings. The special *verdict* as to the value is a statutory requisite. (Code Civ. Proc. 627.) But a *referee* must find upon all the issues for *any* reason material. Under the former Constitution, the District Court had jurisdiction of actions like the present only where the value of the property in controversy amounted to $300. Hence, it was necessary for plaintiff to allege value, and when denied, to prove it. It was therefore, of course, necessary for the referee to find value, although the answer was but the general denial.

The referee then properly found the value of the property, because the answer denied that it was of any value. He also properly found that plaintiff was not, at the commencement of the action, "or at all," the owner or entitled to the possession of the property, because the plaintiff's title and right were denied by the answer. Inasmuch as the property had been taken out of defendant's hands, and delivered to plaintiff under the "writ of replevin," the finding, that plaintiff was not entitled to the possession, is a finding that defendant was entitled to the possession. As to whether the right of possession had passed from defendant to plaintiff, that question was not presented by the pleadings. If, however, the question whether the right to the possession of the property had passed from defendant to plaintiff before the trial, after the commencement of the action (and

*after* or before the answer was filed), was constructively put in issue by the original pleadings, that question must be supposed to have been passed upon by the referee, who found that plaintiff was not, at the commencement of the action, "*or at all*," entitled to the possession.

Every fact found by the referee was within the issues made by the complaint and original answer, *and the facts found would fully have sustained the judgment entered*, had the original answer contained a formal claim for a return of the property.

The "claim for a return" would not have broadened the issues. It was not necessary to the trial of any material question upon which the rights of these parties depended. No *judgment* could be rendered directing a return of the property to defendant, or in his favor for its value, until the answer contained the claim or demand. There could be no reason why the record should not be rounded, and the formal claim inserted in the answer, at any time prior to the actual entry of the judgment.

Judgment and order affirmed.

SHARPSTEIN, J., MYRICK, J., and McKEE, J., concurred.

THORNTON, J., dissented.

[Ross, J., being disqualified, took no part in the decision of this cause.]