[Civ. No. 5231.  First Appellate District, Division One.—April 22, 1926.]

## AMMIEE SKAGGS, Respondent, v. WALTER J. TAYLOR, as Constable, etc., Appellant.

[1] CLAIM AND DELIVERY—REDELIVERY OF REPLEVIED PROPERTY—ALTERNATIVE JUDGMENT.—Where property replevied is delivered to plaintiff and delivery back to defendant cannot be had, the judgment for defendant need not be in the alternative under section 667 of the Code of Civil Procedure, but may properly be for its value alone.

[2] ID.—RETURN OF PROPERTY—PLEADING—JUDGMENT.—Where there is no prayer, claim, or demand of any kind for a return of the property or its value, a judgment for its return to the defendant, or its value in case a return cannot be had, is not permissible; but it is not necessary for a defendant to allege that he, or a third person, is entitled to the possession of the property, as the general denial, if plaintiff fails to prove his averments, determines that the property should be restored to defendant, and, if in his answer defendant has made due claim for such return, he is entitled to a judgment to that effect.

[3] ID.—CLAIM OF RETURN OF AUTOMOBILE—PLEADING—JUDGMENT.— In an action in claim and delivery to recover possession of an automobile where, following the commencement of the action, the automobile was seized by the sheriff subject to replevin proceedings and delivered to plaintiff and defendant made claim for its return, pleading the circumstances under which he was deprived of it, which were not contradicted by plaintiff, the defendant was entitled to the return of the automobile or its value when judgment of nonsuit was entered in his favor.

[4] ID.—RIGHT TO RETURN—TITLE—EVIDENCE.—In such action, the granting of the return of the automobile or its value to defendant does not depend upon the strength or weakness of his proof of title to it, but upon his obtaining a judgment in his favor and upon having made a claim for its return.

[5] ID.—JUDGMENT—NONSUIT.—In such an action, a judgment of nonsuit against plaintiff is a "judgment for the defendant" within the meaning of section 667 of the Code of Civil Procedure.

[6] ID.—CORRECTION OF JUDGMENT NUNC PRO TUNC—NOTICE.—In such action, where the judgment of nonsuit failed to provide for the return of the automobile or its value to defendant, the trial court, upon due notice to plaintiff, could subsequently amend said judg-

1.  See 5 Cal. Jur. 201.

ment *nunc pro tunc* as of the date of its original entry to include such a provision.

[7] APPEAL — FORMER DECISION — LAW OF CASE. — A decision of the district court of appeal in a prior case similar in principle to a case under consideration is conclusive upon the points involved therein.

[8] ID.—ORDER GRANTING NONSUIT—APPEAL FROM JUDGMENT.—A minute order granting a nonsuit is not appealable where it was superseded by a judgment from which an appeal has been taken.

(1) 34 **Cyc.**, p. 1550, n. 20.   (2) 34 **Cyc.**, p. 1548, n. 17.   (3) 34 **Cyc.**, p. 1514, n. 13, 14.   (4) 34 **Cyc.**, p. 1515, n. 17.   (5) 34 **Cyc.**, p. 1516, n. 26.   (6) 34 **C. J.**, p. 235, n. 1, p. 251, n. 60.   (7) 15 **C. J.**, p. 919, n. 1, p. 922, n. 13.   (8) 3 **C. J.**, p. 499, n. 27, 29.

APPEAL from a judgment of the Superior Court of Alameda County. John D. Murphey, Judge. Reversed.

The facts are stated in the opinion of the court.

Goldman & Altman for Appellant.

Silverstein, Collier & Silverstein for Respondent.

KNIGHT, J.—Plaintiff brought this action in claim and delivery to recover possession of an automobile which, following the commencement of this action, was seized by the sheriff subject to the usual replevin proceedings, and upon the failure of defendant to except to the sufficiency of plaintiff's sureties or to give an undertaking for its return, was delivered before the trial into the possession of the plaintiff. At the trial judgment of nonsuit was entered and although defendant's answer contained a claim for the return of said automobile or its value in case a return could not be had, no order or judgment to that effect was granted or rendered. Subsequently defendant moved the court to modify its judgment so as to incorporate such provision therein, but the motion was denied. The defendant has taken three appeals, the first being from the minute order granting the nonsuit, the second from the judgment

7.   See 2 Cal. Jur. 955.

of nonsuit, and the third from the order denying his motion to modify said judgment.

The judgment of nonsuit conformed in terms to the order made in that respect, and was as follows: " . . . Witnesses on the part of the plaintiff were duly sworn and examined, whereupon plaintiff closed his case, and thereupon defendants moved the court for a judgment of nonsuit on the ground that plaintiff had failed to prove a sufficient cause of action against said defendants and the court having heard the arguments of counsel for the respective parties and being fully advised in the premises, granted said motion for nonsuit and ordered a judgment of nonsuit entered against said plaintiff and in favor of said defendants and the defendants have their costs herein. Wherefore by virtue of the law, and by reason of the premises aforesaid it is ordered, adjudged, and decreed, that the plaintiff take nothing by this said action, and that judgment of nonsuit be, and the same is hereby given, made, and granted in favor of said defendants, against said plaintiff and that defendants shall have and recover of and from the plaintiff his costs. . . . " Said judgment was entered on December 23, 1924, and subsequently, on January 2, 1925, defendant served and filed a notice of motion to modify the same in the manner hereinabove mentioned upon the ground that said judgment did not conform to the provisions of section 667 of the Code of Civil Procedure. At the hearing of the motion defendant offered in evidence, in support thereof, "all of the papers, records and files in the above-entitled action, and particularly the second amended complaint of plaintiff and the answer of defendant thereto . . . " Said answer, besides denying plaintiff's claim of ownership and right to the possession of said automobile, set forth facts showing the circumstances under which said automobile came into defendant's possession and was being detained by him. Those circumstances, briefly stated, were that as constable he levied upon said property under a writ of attachment issued in an action brought by a corporation named Field and Lee against James E. Skaggs, the husband of this plaintiff, and later sold the same under execution proceedings to said Field and Lee; that on or about September 11, 1923, pursuant to a demand made upon him by this plaintiff, he

surrendered the automobile to her and afterward she voluntarily returned the same to him; that thereafter said automobile remained in his possession until seized by the sheriff under process issued in this action, without further demand of any kind being made upon him. Said answer also contained certain denials and allegations as to value and damages, but the same are unimportant here. The prayer of the answer was that plaintiff take nothing by her action and that defendant be given judgment for a return to him of the property or the value thereof in case a return could not be had, together with damages for its depreciation while in plaintiff's possession. As additional evidence, defendant offered in support of the motion an affidavit made by one of his attorneys which set forth, among other things, that at the time of the commencement of the action said automobile was at the request of this plaintiff seized by the sheriff, had since been in the possession of the sheriff or the plaintiff, and had not been returned to the defendant; that at the time of the seizure said automobile was in defendant's possession, and that he was entitled to the return thereof; that it was stipulated during the trial that the value of said automobile at the time it was seized was four hundred dollars. In the return to the writ of replevin which was filed in the action prior to the service of the notice of motion, the sheriff stated that after the seizure defendant failed to except to plaintiff's sureties and "omitted to require a return of said property and no other person other than the defendants having made return thereto, I did, at the expiration of the time required by the statute for seeking such delivery and making such claim, to wit, on the 4th day of December, 1923, deliver the property so taken to the plaintiff herein as by said order I am commanded." The evidence thus offered by defendant was not contradicted by plaintiff, no showing whatever being made in opposition thereto.

[1] Section 667 of the Code of Civil Procedure, relied upon by defendant in furtherance of his contention that he was entitled to the relief above mentioned, provides that in an action to recover the possession of personal property, "If the property has been delivered to the plaintiff and the defendant claim a return thereof, judgment for the

defendant may be for a return of the property or the value thereof, in case a return cannot be had . . . ,'' or, as the cases hold, where it appears that a delivery cannot be had, or the property is lost or destroyed pending trial, the judgment need not be in the alternative, but may properly be for its value alone. (*Nahhas* v. *Browning,* 181 Cal. 55 [6 A. L. R. 476, 183 Pac. 442] ; *Erreca* v. *Meyer,* 142 Cal. 308 [75 Pac. 826].) **[2]** In construing said section 667 it has been held that where there is no prayer, claim, or demand of any kind in the answer for a return of the property or its value, a judgment for its return to the defendant, or its value in case a return cannot be had, is not permissible (*Banning* v. *Marleau,* 101 Cal. 238 [35 Pac. 772] ; *Imperial Valley Auto Co.* v. *Toney,* 47 Cal. App. 541 [190 Pac. 1043]) ; but in this connection it is also declared that it is not necessary for a defendant to allege affirmatively that he, or a third person, is entitled to the possession of the property, but that, if the plaintiff fails to prove his averments, the general denial determines that the property should be restored to the defendant; that consequently if in his answer the defendant has made due claim for such return, he is entitled to a judgment to that effect. (*Pico* v. *Pico,* 56 Cal. 453.) **[3]** It would therefore seem that defendant's answer herein not only met the requirements of the law to entitle him to the judgment sought, but went even further than was necessary by having pleaded the circumstances under which he had been deprived of the property by plaintiff. In any event having set forth a claim in unmistakable terms for the return of the property, he was clearly entitled to such relief. (*Pico* v. *Pico, supra; Lee* v. *De La Motte,* 47 Cal. App. 23 [189 Pac. 1034] ; *Al. G. Barnes Shows Co.* v. *Toyo Kisen Kaisha Oriental Steamship Co.,* 61 Cal. App. 304 [214 Pac. 1015] ; *Imperial Valley Auto Co.* v. *Toney, supra.*) Plaintiff concedes that defendant ''pleaded'' for a return of the property, but contends that having introduced no testimony to substantiate his claim, was not entitled to the relief now demanded. It is manifest, however, that the reason no such evidence was offered was that a nonsuit was entered. **[4]** Moreover, the granting of such relief to a defendant does not depend upon the strength or weakness of the defendant's proof of title to the property, but upon his ob-

taining a judgment in his favor and upon having made a claim for the return of the property. (*Pico* v. *Pico, supra.*)

[5] It cannot be successfully maintained that a judgment of nonsuit is not a "judgment for the defendant" within the meaning of said section 667 for the reason that it has been expressly held in the case of *Kowalsky* v. *Nicholson,* 23 Cal. App. 160 [137 Pac. 607], that a defendant is entitled to the full benefit of the provisions of said section, notwithstanding that the judgment is one of dismissal. The case of *Nahhas* v. *Browning, supra,* holds likewise. [6] In *Kowalsky* v. *Nicholson, supra,* the action was in claim and delivery wherein plaintiff secured possession of the property pending trial. After the cause had been at issue for nearly four years, the court, upon notice to the plaintiff, granted defendant's motion to dismiss the same for want of prosecution. Subsequently the court, upon due notice to the plaintiff, amended its order of dismissal *nunc pro tunc* as of the date of its original entry by adding the following: "And the defendant is entitled to have returned to her all the property taken from her under the previous proceeding of this action of replevin, or if return thereof cannot be had, then she shall have judgment for the value thereof in the sum of one thousand dollars and for the delivery to her of the undertaking in this matter." The record, so the decision states, did not show that the original entry as made by the clerk was different from the one directed by the court; and plaintiff therefore contended as respondent claims here that the court had no power to change the order or judgment. Upon appeal the action of the trial court in amending its order and judgment of dismissal was sustained, the court saying: "Upon the dismissal of the action in the case at bar defendant was entitled to the return of the property involved in the action; and a failure to enter the requested correction of the judgment would be equivalent apparently to a judgment in favor of the plaintiffs on the merits of the case. This would be manifestly unjust; and as the record shows that defendant was entitled to judgment as finally entered, and as the motion to correct the mistake was promptly made, the action of the court in the premises must be sustained." [7] We find no difference in principle between that case and the

one before us, and consequently the decision therein must be held to be conclusive upon the points here involved.

For the foregoing reasons the judgment and the order denying defendant's motion to modify the judgment must be reversed, with directions to grant said motion and to modify said judgment so as to give the defendant the benefit of the relief provided for in section 667 of the Code of Civil Procedure. (*Etchepare* v. *Aguirre*, 91 Cal. 288 [25 Am. St. Rep. 180, 27 Pac. 668, 929].) It is so ordered. [8] The appeal from the minute order granting the nonsuit is dismissed upon the ground that the same was not appealable, having been superseded by the judgment from which an appeal has been taken.

Tyler, P. J., and Cashin, J., concurred.