[L. A. No. 17225. In Bank.—July 16, 1940.]

HERBERT RIGGIN, Appellant, v. ISIDORE B. DOCK-WEILER et al., Respondents.

Barry Sullivan for Appellant.

J. H. O'Connor, County Counsel, and Edward H. Gaylord and Beach Vasey, Deputy County Counsel, for Respondents.

Faries & McDowell, as *Amici Curiae,* on Behalf of Respondents.

EDMONDS, J.—The same legislation upheld in *Housing Authority of the County of Los Angeles* v. *Dockweiler,* 14 Cal. (2d) 437 [94 Pac. (2d) 794], is challenged in this proceeding. A demurrer to the amended petition for an injunction was sustained without leave to amend, and the appeal is from the judgment which followed that order.

The petition held insufficient to state a cause of action, recites in considerable detail the provisions of the statutes passed at the special session of the legislature held in 1938 in order to take advantage of the United States Housing Act of 1937, 42 U. S. C. A., chapter 8, sections 1401 to 1430 (Stats. 1938, chaps. 1, 2, 3, 4; Deering's 1939 Supp., Act 3483 et seq.). The allegations of fact are that the board of supervisors of Los Angeles County appropriated $50,000 for the use of the Housing Authorities Law Commission, of which $40,000 has been paid to it; that the Housing Authorities Law Commission has designated certain real property in the city of Los Angeles, but not in a slum area, as the site for a housing project; and that the housing authority is about to expend $3,000,000 for the construction of 500 houses in this area, to be operated for the exclusive use of persons of the Mexican race and upon a schedule for liquidation within a 60-year period.

According to the appellant, the question for decision concerns the constitutionality of the California statutes referred to. More particularly, he asserts, this court should decide whether the special session of the legislature which passed the statute was legally convened and whether the board

of supervisors had authority to create the Los Angeles County Housing Authority, a public corporation, within 90 days after the enactment of the statute.

By the former decision of this court each of the points raised by the appellant has been determined adversely to his contentions. However, his petition asserts that the respondent is about to build a housing project upon land which is not in a slum area, and as the former case was decided upon issues concerning the constitutionality of the housing legislation without regard to any particular property, the effect of this allegation will be considered.

The Housing Authorities Law (Stats. 1938, chap. 4; Deering's 1939 Supp., Act 3483), authorizes the creation of public bodies corporate and politic to investigate housing conditions, to determine where slum areas exist and to construct or repair housing projects. But the statute contains no provisions making it imperative that a new housing project be located in a slum area. On the contrary, the legislature has commanded: "In the planning and location of any housing project, an authority shall take into consideration the relationship of the project to any larger plan or long-range program for the development of the area in which the housing authority functions." (Sec. 13.)

In working out the problem of low-cost housing, it may appear that the clearance of a slum area is desirable because the dwellings in use are insanitary, or present fire hazards or are maintained under such conditions that their removal would be in the interest of the public welfare. Also, the location may be an undesirable one for dwellings. Where such circumstances exist, it would be folly to require the new buildings to be constructed at the old location, and compel the new units to be crowded into the space taken up by those cleared away. Such an interpretation of the housing act would thwart the very purposes for which it was passed and effectively block slum clearance in districts where the problem is most acute.

No such result is contemplated. Under the terms of the federal and state statutes, a housing project may be built in any location deemed desirable by those charged with their administration. The legislation was enacted to provide for low-cost housing incidental to slum clearance, but with no requirement that the new structures be confined to slum areas.

(*Chapman* v. *Huntington, W. Va., Housing Authority,* (W. Va.) [3 S. E. (2d) 502, 509].)
 The judgment is affirmed.

Shenk, J., Curtis, J., Carter, J., and Gibson, C. J., concurred.