[Civ. No. 19792.   Second Dist., Div. Two.   Oct. 15, 1953.]

HOUSING AUTHORITY OF THE CITY OF LOS ANGELES, Respondent, v. JUAN PETERS et al., Appellants.

[Civ. No. 19793.   Second Dist., Div. Two.   Oct. 15, 1953.]

HOUSING AUTHORITY OF THE CITY OF LOS ANGELES, Respondent, v. BEATRICE MILLER et al., Appellants.

G. G. Baumen for Appellants.

Paul, Hastings & Janofsky, Loeb & Loeb, Leonard S. Janofsky and Herman F. Selvin for Respondent.

McCOMB, J.—After trial without a jury, judgment was rendered in favor of plaintiff in the above actions, which were consolidated for trial, condemning the property of defendants under the power of eminent domain for the construction of a housing project. From the judgment defendants appeal.

Defendants concede in their opening brief that the basic points which they raise have been passed on adversely to their contentions in *Housing Authority* v. *Shoecraft* (hearing denied by the Supreme Court), 116 Cal.App.2d 813 [254 P.2d 628] (see, also, *Housing Authority* v. *Dockweiler*, 14 Cal.2d 437, 449 et seq. [94 P.2d 794]; *Riggin* v. *Dockweiler*, 15 Cal.2d 651 [104 P.2d 367]), but assert that there is pending before the United States Supreme Court an application for a writ of certiorari to review the decision in *Housing Authority* v. *Shoecraft, supra,* and they "feel that their points should be asserted herein in order to avoid a waiver in the event the United States Supreme Court should act upon and decide the Shoecraft case in a different manner."

The facts in *Housing Authority* v. *Shoecraft* are in all material aspects the same as those in the case at bar. Therefore we are bound by the foregoing decisions, the correct rule being that when the precise question of law has been decided by a District Court of Appeal and the Supreme Court has denied a hearing, such decision will be followed as settling the law in the absence of a later decision of the Supreme Court overruling or modifying the prior case. (*Bridges* v. *Fisk*, 53 Cal.App. 117, 122 [200 P. 71]; *People* v. *Whitaker*, 68 Cal.App. 7, 11 et seq. [228 P. 376]; *Clover* v. *Jackson*, 81 Cal.App. 55, 59 [253 P. 187]; *Masonic Mines Assn.* v. *Superior Court*, 136 Cal.App. 298, 300 [28 P.2d 691]; *Skaggs* v. *Taylor*, 77 Cal.App. 519, 524 [247 P. 218].)

Since no useful purpose would be served by reiterating the rules of law set forth in the above opinions and applying them to the analogous facts of the present cases, we refrain from a detailed discussion of the points argued in the briefs. (See *Thatch* v. *Livingston*, 13 Cal.App.2d 202, 203 [56 P.2d 549].)

Each judgment is affirmed.

Moore, P. J., and Fox, J., concurred.