[Crim. No. 468.   Fifth Dist.   Sept. 19, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. O. C. HASSON, JR., Defendant and Appellant.

Milton L. McGhee, under appointment by the Court of Appeal, and Colley & McGhee for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Robert J. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

CONLEY, P. J.—The defendant, O. C. Hasson, Jr., confined in the Deuel Vocational Institution as a Youth Authority inmate, was charged with battery pursuant to section 4501.5 of the Penal Code, which reads as follows: ''Every

person confined in a *state prison* of this state who commits a battery upon the person of any individual who is not himself a person confined therein shall be guilty of a felony and shall be imprisoned in the state prison not less than one year nor more than three years." (Italics added.) ▮ The defendant was convicted and sentenced to prison. The evidence that he attacked a prison guard, one I. B. Selvy, is complete, and the evidence would justify the conviction without doubt were it not for the fact that the Supreme Court of the state has approved the holding of the Court of Appeal, Third Appellate District, that Deuel Vocational Institution is not a state prison as to Youth Authority inmates. This conclusion was reached by a majority of the justices of the Court of Appeal in and for the Third Appellate District in *People* v. *Romo,* 256 Cal.App.2d 589 [64 Cal.Rptr. 151]; that case was not decided until November 30, 1967, whereas the Hasson trial was completed on May 16, 1967. The *Romo* case held that the Deuel Vocational Institution is not a state prison insofar as the incarceration of California Youth Authority wards is concerned. Presiding Justice Pierce filed a strongly worded dissent. Were it not for the fact that the Supreme Court denied a hearing of the case after its decision in the Court of Appeal, we would feel free to consider the matter on its merits and, if we believed that Mr. Justice Pierce's dissent was sound, we would not hesitate to decide accordingly.

▮ However, it appears to us that footnotes in Supreme Court opinions, which are specific, have the same effect as parts of the opinion itself. And in a footnote appearing on page 351 of 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137], in the case of *Cole* v. *Rush,* it is said: "Denial of a hearing is not the equivalent of express approval by this court but it has been said that 'The order of this court denying a petition for a transfer . . . after . . . decision of the district court of appeal may be taken as an approval of the conclusion there reached, but not necessarily of all of the reasoning contained in that opinion.' *Eisenberg* v. *Superior Court* (1924) 193 Cal. 575, 578 [226 P. 617]; see also *People* v. *Rowland* (1937) 19 Cal.App.2d 540, 542 [65 P.2d 1333].) The significance of a denial in any particular case is also to be understood as further qualified by the fact that under the Rules on Appeal a denial may mean no more than that a ground which we deem adequate or impellent for ordering a hearing has not been brought to our attention. (See rule 29, Rules on Appeal.)"
▮ In a case like the *Romo* case where the Court of Appeal

was divided, and the chief matter decided was whether the Deuel Vocational Institution is a state prison, the failure of the Supreme Court to grant a hearing upon petition seems to us to be equivalent to a decision by that court in accordance with the majority opinion in the Court of Appeal. (See also *Housing Authority* v. *Peters*, 120 Cal.App.2d 615 [261 P.2d 561].)

We are, of course, bound by holdings of the Supreme Court (*Auto Equity Sales, Inc.* v. *Superior Court*, 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]), and, accordingly, we must find that as the defendant, a Youth Authority inmate was not confined in a state prison of this state the prosecution was meritless under the law and the judgment will have to be reversed.

The judgment of conviction is reversed, and, upon the going down of the remittitur, the trial court is directed to dismiss the charge made under section 4501.5 of the Penal Code.

Stone, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 13, 1968. Burke, J., was of the opinion that the petition should be granted.